## WILLIAM E. SILL, *vs.* SIDNEY KETCHUM.

Fiist Circuit

Sill.
*vs·*
Ketchum.

*Where a mortgage had been assigned to S. in trust for several individuals, it was held not necessary to make the cestuis que trust, parties to a bill filed to foreclose it.*

*Cestuis que trust are not necessary parties, when the only object of the suit is to reduce the property into possession.*

The bill of complaint was filed by William E. Sill, trustee for Jonathan Dwight, Henry Dwight, Edmund Dwight, John Ward, and Benjamin Day, for the foreclosure of a mortgage made by the defendant to E. P. Hastings, President of the Bank of Michigan, in trust for said bank for the sum of $12,000. The bill states that E. P. H., President and trustee as aforesaid, and mortgagee did by his deed of assignment duly executed, acknowledged, and delivered, under the authority, and by direction of the Bank of Michigan, sell, assign, transfer and set over said bond and mortgage, to the complainant. The date or time of the assignment is not given. In all other respects the bill is in the usual form and is signed by the complainant by his solicitors. The bill was not signed by counsel.

To the bill a demurrer was filed by the defendant and the following causes assigned :

1. The *cestuis que trust* Jonathan Dwight and others, are necessary parties.

2. The bill of complaint is not signed by counsel.

3. The bill is bad for uncertainty, as it does not show the time of the assignment of the bond and mortgage to the complainant.

JOY & PORTER, for complainant.

T. ROMEYN, for defendant.

THE CHANCELLOR.—The complainant files his bill in this case as trustee for five *cestuis que trust.* The object of the bill is to foreclose a mortgage given as collateral security for a debt.

The principal question is, whether it is necessary in a case of this kind, to make the *cestuis que trust* parties to this suit.

There is a good deal of confusion in the authorities upon this sub-

First Circuit. ject. Without going through the numerous and somewhat contradic-

Sill. *vs.* Ketchum. tory cases cited, I will refer to the remarks of Mr. Calvert in his treatise on parties, who has, I think stated the result to be deduced from all the cases very correctly. He says, *page* 210, " It will be ob-
" served that Lord Eldon says in *most* cases respecting trust property
" the *cestuis que trust* should be made parties. This expression natu-
" rally suggests an enquiry, in what cases they are not to be made
" parties : In the cases just quoted the existence or enjoyment of the
" property is affected by the prayer of the bill. *But there are ca-*
" *ses in which the existence of the property is not affected, and the on-*
" *ly object is to transfer it into the hands of the trustees :* these two
" classes must not be confounded together. In cases of the former
" class the interest of the *cestuis que trust* is immediately affected by
" the proceedings : Not so in cases of the latter class, for they will
" not lose their lien upon the property whether the trustee does or does
" not reduce it into possession. The duty of the trustee is to reduce
" it into possession, that he may have the complete execution of the
" trust within his own power, a duty which he must perform and in
" which the *cestui que trust,* although he may compel his trustee to
" undertake it, ought not to bear any part : *. It seems that where the*
" *prayer of the bill is confined to this object, the cestui que trust ought*
" *not to be made a party.* "

What is meant by the language here used ? The reason given for the rule that the *cestuis que trust* should be made parties, is, that the court may be enabled to do complete justice by deciding upon and settling all the rights of all persons interested and preventing further litigation.

Where the object of the bill is to settle an account of trust prop-erty it is undoubtedly necessary that all the *cestuis que trust* or in oth-er words all persons interested in the event of the suit, should be be-fore the court. This was the case in *Hosmer* vs. *Stevens,* 1 *Ver.,* 110, which has been referred to in several of the subsequent cases.

What is the object of the present bill ? It is merely to get in the money due upon the mortgage in part execution of the trust. The rights of the *cestuis que trust* are not brought in question in this pro-ceeding. There are no rights of these persons put in issue. The trustee assignee of this mortgage takes no more than is actually due

upon it    Under the case made by the bill he does take all that is due.
This litigation cannot be aided or varied so far as I can perceive by
making the *cestuis que trust* parties.    The decision would be the same
upon the validity or the amount due upon the mortgage in either case.
The right of the persons for whom this trustee acts cannot be affec-
ted by the collection of this money ; their right to the proceeds in
the hands of the trustee remains.    From all reasoning in the cases
cited, I am satisfied this comes within the reason of the exception
to the rule, although no parallel case has been found;  and unless the
court is restrained by the authority of adjudged cases, every consid-
eration of reason and convenience is in favor of this practice.    In-
deed this seems to me but the duty of the trustee as the first step in
the execution of his trust.    If any question as to the right of any or
all of the *cestuis que trust* to the proceeds should arise, then of course
they must all be made parties.

Sill.
*vs.*
Ketchum.

As to the allegation of the assignment it shows a sufficient title to
enable the complainant to sue, and is sufficient upon demurrer.    The
other cause of demurrer, that the bill is not signed by counsel, is
technically correct, but as it is a mere slip the bill may be amended
in this particular without costs to either party.

Demurrer overruled.